# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| BOWFIN KEYCON HOLDINGS, LLC; CHIEF POWER FINANCE II, LLC; CHIEF POWER TRANSFER PARENT, LLC; KEYCON POWER HOLDINGS, LLC; GENON HOLDINGS, INC.; PENNSYLVANIA COAL ALLIANCE; UNITED MINE WORKERS OF AMERICA; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; AND INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, | : : : : : : : : : : : : : | No. 80 MAP 2022<br><br>Appeal from the Order of the Commonwealth Court at No. 247 MD 2022 dated July 8, 2022 |
| Appellees | : : : : | |
| v. | : : : : : | |
| PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION AND PENNSYLVANIA ENVIRONMENTAL QUALITY BOARD, | : : : : : : | |
| Appellants | : : | |
| BOWFIN KEYCON HOLDINGS, LLC; CHIEF POWER FINANCE II, LLC; CHIEF POWER TRANSFER PARENT, LLC; KEYCON POWER HOLDINGS, LLC; GENON HOLDINGS, INC.; PENNSYLVANIA COAL ALLIANCE; UNITED MINE WORKERS OF AMERICA; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; AND INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS | : : : : : : : : : : : : : : : | No. 86 MAP 2022<br><br>Appeal from the Order of the Commonwealth Court at No. 247 MD 2022 dated June 28, 2022 |
| v. | : : : : | |

PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION AND PENNSYLVANIA ENVIRONMENTAL QUALITY BOARD

     :
     :
     :
     :
     :
     :

APPEAL OF: CITIZENS FOR PENNSYLVANIA'S FUTURE, SIERRA CLUB, CLEAN AIR COUNCIL, AND ENVIRONMENTAL DEFENSE FUND,

     :
     :
     :
     :
     :

Possible Intervenors

     :
     :
     :

BOWFIN KEYCON HOLDINGS, LLC; CHIEF POWER FINANCE II, LLC; CHIEF POWER TRANSFER PARENT, LLC; KEYCON POWER HOLDINGS, LLC; GENON HOLDINGS, INC.; PENNSYLVANIA COAL ALLIANCE; UNITED MINE WORKERS OF AMERICA; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; AND INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS

     :   No. 88 MAP 2022
     :
     :   Appeal from the Order of the
     :   Commonwealth Court at No. 247
     :   MD 2022 dated July 8, 2022
     :
     :
     :
     :
     :
     :
     :
     :

v.

     :
     :
     :

PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION AND PENNSYLVANIA ENVIRONMENTAL QUALITY BOARD

     :
     :
     :
     :
     :

APPEAL OF: CITIZENS FOR PENNSYLVANIA'S FUTURE, SIERRA CLUB, CLEAN AIR COUNCIL, AND ENVIRONMENTAL DEFENSE FUND,

     :
     :
     :
     :
     :

Possible Intervenors

     :
     :

[80 MAP 2022, 86 MAP 2022, 88 MAP 2022, 89 MAP 2022]

- 2 -

| | |
|---|---|
| BOWFIN KEYCON HOLDINGS, LLC; CHIEF POWER FINANCE II, LLC; CHIEF POWER TRANSFER PARENT, LLC; KEYCON POWER HOLDINGS, LLC; GENON HOLDINGS, INC.; PENNSYLVANIA COAL ALLIANCE; UNITED MINE WORKERS OF AMERICA;INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; AND INTERNATIONAL BROTHERHOOD OF  BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS,<br><br>                  Appellants<br><br><br>        v.<br><br><br>PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION AND PENNSYLVANIA ENVIRONMENTAL QUALITY BOARD,<br><br>                  Appellees | No. 89 MAP 2022<br><br>Appeal from the Order of the Commonwealth Court at No. 247 MD 2022 dated July 8, 2022 |

## CONCURRING STATEMENT

**JUSTICE DONOHUE**        **FILED:  March 24, 2023**

As a result of an equally divided Court, the order underlying Appellants' appeal, which challenges the amount of the bond required in connection with its preliminary injunction, is affirmed by per curiam order.  I offer this concurring statement to explain why, in my view, Appellants' appeal was rendered moot by virtue of Appellants' failure to file a bond.

Appellants (collectively "Bowfin") filed a complaint in equity seeking declaratory and injunctive relief against Appellees (collectively "DEP") regarding regulations that would permit the DEP to participate in the Regional Greenhouse Gas Initiative

("Rulemaking"). At the same time, Bowfin sought a preliminary injunction enjoining the DEP from implementing the Rulemaking. A group of non-profit organizations ("Non-profits") filed a petition seeking to intervene in the litigation. Following a hearing, the trial court denied the Non-profits' petition to intervene and granted Bowfin's petition for a preliminary injunction.

In conformance with Pennsylvania Rule of Civil Procedure 1531(b)(1),[1] the order granting the preliminary injunction required Bowfin to file a bond within fourteen days of the order, the amount of which the Commonwealth Court set at $100 million. Bowfin unsuccessfully sought reconsideration of the bond amount before the Commonwealth Court. It is uncontested that Bowfin put forth no evidence during the preliminary injunction proceedings as to what it believed to be an appropriate amount for the bond or concerning its inability to secure the bond, nor did it request an opportunity to be heard to present such evidence in connection with their application for reconsideration. Although the Commonwealth Court denied Bowfin's request to modify the amount of the bond, it provided Bowfin with an additional thirty days in which to file it.

The DEP and the Non-profits timely appealed from the order granting the preliminary injunction. Their appeals are docketed at 80 MAP 2022 and 88 MAP 2022, respectively. On August 8, 2022, Bowfin filed the appeal challenging the amount of the

---

[1] "Except when the plaintiff is the Commonwealth of Pennsylvania, a political subdivision or a department, board, commission, instrumentality or officer of the Commonwealth or of a political subdivision, a preliminary or special injunction shall be granted only if (1) the plaintiff files a bond in an amount fixed and with security approved by the court, … conditioned that if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff shall pay to any person injured all damages sustained by reason of granting the injunction and all legally taxable costs and fees" Pa.R.C.P. 1531(b)(1).

[80 MAP 2022, 86 MAP 2022, 88 MAP 2022, 89 MAP 2022]

bond, which is docketed at 89 MAP 2022. On August 16, 2022, Bowfin filed an application asking this Court to reduce the bond to a nominal amount pending the resolution of its appeal. On September 8, 2022, following remand to the Commonwealth Court for an opinion and further briefing by the parties, this Court denied Bowfin's application and ordered that the bond be filed by September 15, 2022.[2] Bowfin did not file the bond.

Bowfin's failure to file the bond rendered the preliminary injunction a legal nullity and inoperative, *Mamula v. United Steelworkers of America*, 185 A.2d 595, 597 (Pa. 1962), and consequently, renders the appeals therefrom moot. Indeed, this is how the Court has disposed of the appeals filed by the DEP and the Non-profits. I would extend our finding of mootness to Bowfin. Despite being given multiple extensions of time in which to act, Bowfin failed to file the required bond by the deadline set by this Court. Thus, the issue presented by Bowfin on appeal was mooted because of its failure to file the requisite bond, just as the issues presented by the DEP and the Non-profits were. To conclude otherwise would afford consideration of Bowfin's appeal while dismissing as moot the appeals filed by the DEP and the Non-profits. Doing so would have provided Bowfin, who failed to comply with the orders from this Court and the Commonwealth Court, to file the bond, the benefit of appellate review while denying the same to the DEP and the Non-profits. This outcome not only contravenes mootness principles but also renders an inconsistent and unfair result.

Justice Dougherty joins this concurring statement.

---

[2] The order was supported by a majority of the Court then including former Chief Justice Baer. Justices Mundy and Brobson filed dissenting statements and Justice Dougherty noted his dissent. *See Bowfin KeyCon Holdings, LLC v. Pa, Dep't of Env't Prot.*, 282 A.3d 688, 689 (Pa. 2022).

[80 MAP 2022, 86 MAP 2022, 88 MAP 2022, 89 MAP 2022]